# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00517-CV

**Mycal Antoine Poole, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 05-752-C368, HONORABLE J. F. CLAWSON JR., JUDGE PRESIDING**

## M E M O R A N D U M  O P I N I O N

Mycal Antoine Poole, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice, filed what he styled a "Counter Claim" against the State of Texas. As best we can discern from his pleadings, Poole sought injunctive relief and damages under various instruments of unclear nature and origin—signed by Poole and Lorraine Poole, Poole's mother and "authorized representative"—that he contends create debt obligations on the part of the State. The State filed a plea to the jurisdiction, which was granted. Poole appeals from the dismissal. We affirm the judgment.

## DISCUSSION

Poole's appellate brief does not summarize the facts underlying this appeal and fails to make "a clear and concise argument for the contentions made, with appropriate citations to

authorities and to the record." *See* Tex. R. App. P. 38.1(f), (h). However, in the interest of justice, we will address what appear to be the merits of Poole's appeal.

In his brief, Poole questions the authority of the trial judge to "refus[e] jurisdiction" and "impair[] the obligation of contracts."[1] We construe these questions as a challenge to the district court's grant of the State's plea to the jurisdiction, the basis of which was sovereign immunity. Poole's claim implicates the State's sovereign immunity: he seeks damages against the State, to enforce contractual rights against the State, and to otherwise control state action.[2] *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853-55 (Tex. 2001); *Director of Dep't of Agric. & Env't v. Printing Indus. Ass'n*, 600 S.W.2d 264, 265 (Tex. 1980). His suit thus cannot be maintained absent legislative consent or statutory waiver, and he alleges neither. *IT-Davy*, 74 S.W.3d at 853-54. The district court thus did not err in sustaining the State's plea to the jurisdiction.

## CONCLUSION

We affirm the judgment of the district court.

---

[1] In his brief, Poole also asks this Court to take "mandatory judicial notice" of *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), a case in which the United States Supreme Court held that "[t]he rights and duties of the United States on commercial paper which it issues are governed by federal rather than [state] law." *Id*. at 366. We have considered *Clearfield* and determined that it is not applicable to this appeal.

[2] Poole requests that the district court issue a "Perpetual Injunction" against the State prohibiting it from "doing business in any name." He also asks the district court to prohibit the State from "further restraining [Poole] of his liberty" and to order the State "to have 'ALL' of [Poole's] Property returned to him."

2

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   July 18, 2007